# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA MANCUSO,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant. | CASE NO.: 1:05-cv-00462 TAG<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |

## **BACKGROUND**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15). Both Plaintiff and Defendant have consented to the jurisdiction of the Magistrate Judge. (Docs. 8 and 9). Pending before the Court is the complaint filed by Plaintiff on April 10, 2005. (Doc. 1).

On April 11, 2005, the Court issued a Scheduling Order pursuant to which Plaintiff was required to serve a letter brief upon the Commissioner within 35 days after the lodging of the Administrative Record, the Commissioner was required to serve her response to claimant's letter brief within 30 days thereafter, and the claimant was required to file her opening brief with the Court within 30 days after the Commissioner's response to claimant's letter brief. (Doc. 5). Claimant's opening brief should therefore have been filed no later than December 3, 2005. To date, however, claimant has not complied with the Scheduling Order in this respect, nor has the

1  Plaintiff sought an extension of time in which to do so .

2  On February 24, 2006, the Court issued its Order to Show Cause Why Action Should Not
3  Be Dismissed, Without Prejudice, For Failure to Prosecute ("Order to Show Cause"), ordering
4  Plaintiff to submit reasons - in writing - why this action should not be dismissed. (Doc. 14).
5  Plaintiff's response to the Court's Order to Show Cause was due March 27, 2006. (Id.).  Plaintiff
6  failed to file any response to the Order to Show Cause and failed to present any reasons why this
7  action should not be dismissed.

## DISCUSSION

9  This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to
10 comply with these Local Rules or with any order of the Court may be grounds for the imposition
11 by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts
12 have inherent power to control their dockets and "in the exercise of that power, they may impose
13 sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,
14 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a
15 party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
16 rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
17 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
18 (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King,
19 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring
20 pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128,
21 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779
22 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with
23 local rules).

24  In determining whether to dismiss an action for lack of prosecution, failure to obey a
25 court order, or failure to comply with local rules, the Court must consider several factors:  (1) the
26 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
27 (3) the risk of prejudice to the Defendants; (4) the public policy favoring disposition of cases on
28 their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation, and the Court's interest in managing the docket weigh in favor of dismissal, as Plaintiff has not advanced this action by failing to file an opening brief in this action for more than three months and has failed to respond, in writing or otherwise, to the Court's Order to Show Cause.  The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.

## CONCLUSION

Accordingly, it is hereby ORDERED that this action be DISMISSED, without prejudice, pursuant to Local Rule 11-110 for Plaintiff's failure prosecute this action, failure to comply with court orders, and failure to respond to the Court's Order to Show Cause.

IT IS SO ORDERED.

Dated:  **March 29, 2006**              /s/ Theresa A. Goldner
**j6eb3d**                        UNITED STATES MAGISTRATE JUDGE